UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ORIYOMI ALOBA, also known as ORIYOMI SADDIQ ALOBA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES, SIM LAKE, LYN HUGHES, and JOHN DOE,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00174-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Oriyomi Aloba is a federal prisoner in custody of the Federal Correctional Institution in El Reno, Oklahoma. He brings suit against judges and court personnel from one or more federal district courts in Texas for denying him access to the courts.

　　　　The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. Having reviewed the record, the Court enters the following Order transferring this case to the appropriate United States District Court in Texas for personal jurisdiction and venue reasons.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

Plaintiff resides in Oklahoma and sues judges and employees who work in the Houston division of the United States District Court for the Southern District of Texas. Dkt. 1. He has also attached pleadings from a case filed in the Galveston division of the United States District Court for the Southern District of Texas and the Pecos division of the United States District Court for the Western District of Texas. Dkt. 1-1.

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977). There is no hint in the pleadings why Plaintiff believes that jurisdiction in the District of Idaho would be proper. The incidents occurred in Texas, and the Defendants live in Texas. Plaintiff himself lives in Oklahoma.

Because it appears that the only defendants who personally participated in the alleged civil rights actions are Texas residents, the Court has determined that it will

transfer this case to the appropriate United States District Court in Texas..

Proper venue is also a concern when a complaint names out-of-state parties. Civil rights action may be brought only in "(1) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (2) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. S 1391(b). 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *Anrig v. Ringsby*, 603 F.2d 1319 (9th Cir. 1979).

Clearly, the Complaint shows that the District of Idaho is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Rather, a district in Texas is the proper venue.

For the foregoing reasons, the Court will transfer this action to Texas, where further screening of Plaintiff's Complaint will occur. If Plaintiff disagrees with the manner in which the Texas federal courts have resolved his cases, his remedy is to file a timely appeal, not a new action in another federal district court in another state.

## ORDER

**IT IS ORDERED that** the Clerk of Court shall transfer this entire matter to the appropriate United States District in Texas.

DATED: June 28, 2021

B. Lynn Winmill
U.S. District Court Judge